## In re NELSON.

### (214 N. W. 808.)

(File No. 6281.    Opinion filed July 19, 1927.)

1. **Attorney and Client—Attorney's Failure to Pay Over Money Collected Under Circumstances Satisfying Court of Bad Faith Warrants Disbarment.**

   While mere nonpayment of money is insufficient ground for disbarment, failure to pay over money collected warrants disbarment from practice, where attended by circumstances satisfying court that attorney acted in bad faith or with fraudulent purpose.

2. **Attorney and Client—That Attorney Admitted Misconduct Concerning Moneys Collected and Has Paid Clients, While Not Defense, Should Be Considered.**

   Fact that attorney accused of fraudulent failure to pay over money collected has admitted misconduct, expressed regret therefor, and paid in full all sums formerly retained, while not constituting defense, is entitled to consideration in disbarment proceedings in determining attorney's fitness to practice.

3. **Attorney and Client—Aim of Disbarment Proceedings is Maintenance of Professional Standards and Protection of Public, Not Punishment.**

   Object of disbarment proceedings is not punishment of attorney, but maintenance of professional standards and protection of public.

**4. Attorney and Client—Attorney's Misconduct in Concealing Collection of Moneys, Coupled with Representation that Account Might Never Be Fully Collected, Made to Obtain Increased Fee, Held to Warrant Two Months' Suspension.**

Misconduct of attorney in failing to account for moneys collected, concealing fact of collection, and attempting to deceive client as to likelihood of making collection in full, for purpose of obtaining increased fee, held to warrant suspension from practice for period of two months.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Attorney and client, Key-No. 44(2), 6 C. J. Sec. 50; (2) Key-No. 46, C. J. Sec. 62; (3) Key-No. 58, C. J. Sec. 37; (4) Key-No. 58, C. J. Sec. 93.

As to whether withholding client's money or property is grounds for disbarment of attorney, see annotation in 19 L. R. A. (N. S.) 414; 2 R. C. L. 1096; 1 R. C. L. Supp. 701; 5 R. C. L. Supp. 125; 6 R. C. L. Supp. 122.

Proceedings for the disbarment of Thomas R. Nelson, attorney at law. Judgment of suspension from practice for period of two months.

*Buell F. Jones,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for the Prosecution.

*Sutherland, Payne & Linstad,* of Pierre, for the Accused.

MISER, C. Of the four charges against accused, only one needs to be considered. This charge is based on the following facts: About July 20, 1924, the examiner in charge of the Raymond State Bank of Raymond, S. D., a suspended banking institution, sent by mail to the accused for collection the note of one Collins, upon which there was due an unpaid principal of $475 and interest accrued from June 23, 1923. Thereafter, in compliance with an understanding between them, Collins paid to accused $100 on November 5, 1924, and promised to pay on the debt monthly installments of $100 each. As to whether the debt was compromised at $475 without interest as claimed by Collins, or whether the matter of compromise was to be submitted by accused to his client, is in dispute. In either event, on December 31, 1924, Collins remitted to accused the sum of $300 to apply on the note. Accused admits that, thereafter, Collins offered to pay him the further sum of $75 in full settlement of the note, which the accused refused to accept, claiming that there was then due $147.30, prin-

cipal and interest. Accused failed to account to the examiner for the $100 paid on November 5, 1924, or the $300 paid on December 31, 1924, or even to advise the examiner of said payments, until after May 12, 1926, when the examiner was informed by Collins of these payments. On the contrary, on January 5, 1925, after $400 had been collected by accused, he wrote to the examiner as follows:

"I have brought suit to force collection. What would you say if I would get 50 per cent amount due?"

Although accused produced at the hearing, from his office files, an original and three copies of the summons, it is not claimed that this summons was ever served or handed to any one for service. The foregoing letter must have been written less than a week after accused had received the payment of $300. Thereafter, on July 17, 1925, accused wrote to the examiner as follows:

"Kindly advise me whether we shall make settlement with this debtor and accept net to the bank 50 per cent of $490, or $245 in this collection. It seems that other creditors settled for about 40 per cent; and we may never get anything. Please write me at once."

To the same effect was other correspondence, both before and after that date. After the examiner was advised, on May 12, 1926, of the collections made by accused, the matter was referred to the department of banking and finance; and, on June 8, 1926, upon demand made by the department, the accused remitted $300 of the $400 collected; and, on June 15th, upon a further demand from the department, he remitted the remaining $100, Collins having paid to the examiner the $75 which he had, over a year previous, tendered to accused. On November 6, 1926, accused sent his check for $42.80 to the department, that being the amount of interest which he figured had accrued on the sums retained by him. In the letter inclosing his check for $42.80 he inclosed his bill for $100 for attorney's fees and $33.20 for the expense of four auto trips claimed to have been made in an attempt to collect the debt.

There are some differences between the facts as contained in the report of the Attorney General to this court upon the investigation ordered and the admissions of the accused at the hearing. In order, however, that no injustice may be done to the accused,

the foregoing states the facts most favorably to the accused. Furthermore, as to the foregoing charge, the accused, at the hearing, admitted his wrongdoing and expressed regret for his acts.

[1, 2]    It is apparent that, after collecting the greater part of the note, accused, in furtherance of his scheme to obtain a larger fee than his services warranted, concealed from his client the fact that any collection had been made, and attempted to deceive his client as to the likelihood of the bank ever obtaining more than $245 upon a claim on which he had, at that time, collected $400. While the mere nonpayment of money is not sufficient ground for disbarment, the failure to pay over money collected, when attended by circumstances which satisfy the court that the attorney acted in bad faith or with a fraudulent purpose, is sufficient ground for disbarment. See 6 C. J. 592. In the case at bar, the accused, however, has admitted his misconduct, expressed his regret therefor, and prior to the institution of proceedings to revoke his license as an attorney, had paid in full all sums collected by him. While no one of these acts constitutes a defense, all of them are entitled to be considered in determining the fitness of accused to practice his profession.

[3, 4]    By reason of the foregoing acts, and inasmuch as the object of such a proceeding as this is not the punishment of the attorney, but the maintenance of professional standards and the protection of the public, suspension more nearly meets the demands of justice herein than would disbarment.

It is therefore the judgment of this court that the accused be suspended from all practice of the profession of an attorney at law for the period of two months from July 31, 1927.

CAMPBELL, P. J., and POLLEY and BURCH, JJ., concur. GATES and SHERWOOD, JJ., absent and not sitting.